**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**Mary Dianne Pinon,**

**Plaintiff,**

**vs.**

**Dolgencorp, LLC d/b/a Dollar General Stores,**

**Defendant.**

**_____________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mary Dianne Pinon, (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and pursuant to the Uniformed Services Employment and Re-employment Act, 38 U.S.C. § 4301, *et seq*., ("USERRA") and sues the Defendant, Dolgencorp, LLC d/b/a Dollar General Stores (hereinafter referred to as "Defendant") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1343 (4).

2. Venue lies within the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this Judicial District.

## PARTIES

3. Plaintiff is a resident of De Soto County, Florida.

4. Defendant, Dolgencorp, LLC d/b/a Dollar General Stores, is a Florida corporation licensed and authorized to conduct business in De Soto County. At all times material to this action, Defendant was an employer as defined by the Act.

**FACTUAL ALLEGATIONS**

5. Defendant employed Plaintiff from approximately May 26, 2025 through August 24, 2025.

6. Before Defendant hired Plaintiff, Plaintiff informed Defendant that she intended to leave for military service and expected to ship out around September 2025.

7. Plaintiff's military ship date was later moved to December 2025.

8. During her employment, Plaintiff needed time off for military-related obligations, including attending MEPS and signing her Army enlistment contract

9. Plaintiff had been working approximately 28 to 32 hours per week.

10. After management became aware of Plaintiff's military obligations and need for military-related leave, her work hours were significantly reduced.

11. Defendant's assistant manager, Desiree, told Plaintiff: "Don't let them fool you, the only reason they cut your hours is because you're leaving for the Army."

12. Desiree asked when Plaintiff was leaving, questioned what she would be doing, and stated, "You're not going to make it."

13. On August 24, 2025, Defendant terminated Plaintiff without formal notice or explanation.

14. Plaintiff discovered her termination after checking the online schedule and seeing that her name had been removed.

**COUNT I**
**DISCRIMINATION IN VIOLATION OF THE**
**UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT ACT**
**(FAILURE TO RE-EMPLOY)**

15. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16. At all times material hereto, Defendant failed to comply with 38 U.S.C. § 4301. Specifically, the above-described act constitutes intentional discrimination pursuant to USERRA.

17. USERRA prohibits discrimination against persons who serve in the uniformed services. Specifically, "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a).

18. Defendant violated the express mandate and purpose of said USERRA with regard to Plaintiff.

19. Defendant's violations of 38 U.S.C. § 4311 was willful within the meaning of 38 U.S.C. § 4323(d)(1)(C).

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant for:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Liquidated damages;

e. Attorneys' fees and costs; and

f. Injunctive and declaratory relief;

f. For any other relief this Court deems just and equitable.

**COUNT II**
**RETALIATION**

20. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

21. Defendant retaliated against Plaintiff for asserting his USERRA rights and for taking statutorily protected leave under the Uniformed Services Employment and Reemployment Act.

22. Defendant's actions constitute violations of the USERRA.

23. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Liquidated damages;

e. Attorneys' fees and costs; and

f. Injunctive and declaratory relief;

f. For any other relief this Court deems just and equitable.

Dated this 25th day of September 2026

**FLORIN | GRAY**

*/s/ Wolfgang Florin*
**WOLFGANG M. FLORIN**
Florida Bar No.: 907804
wflorin@floringray.com
debbie@floringray.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 220-4000
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*